## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ARNOLD COLE            *

                          *

     **Plaintiff**         *

                          *

**v.**                      *

                          *     **Civil No.: PJM 10-3326**

**HILLSIDE FAMILY OF**      *

**AGENCIES, INC., et al.**      *

                          *

     **Defendants**     *

## MEMORANDUM OPINION

Arnold Cole has sued his former employer, Hillside Family of Agencies, Inc.

("Hillside"), and several Hillside employees, alleging: race discrimination, gender

discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; disability-based discrimination in

violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; violation of the Civil Service

Reform Act ("CSRA"), 5 U.S.C. § 7701 *et seq.*; and race discrimination in violation of 42 U.S.C.

§ 1981. Defendants have filed a Motion to Dismiss [Paper No. 7], in which they argue that all of

Cole's claims should be dismissed for failure to state a claim upon which relief can be granted.

For the reasons that follow, the Court will **GRANT** Defendants' Motion to Dismiss, with

prejudice, as to all but Count III (retaliation) of Cole's Complaint. With respect to Count III, the

Court will **GRANT** the Motion to Dismiss, but without prejudice to Cole's right to file an

amended complaint properly alleging his entitlement to relief on that count.

### I.

The facts of this case, as alleged in Cole's Complaint,[1] are these:

---

[1] Given that Defendants' Motion to Dismiss seeks to dismiss Cole's Complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6), all of the well-pleaded facts alleged in the Complaint are taken as true, and all reasonable

Cole is an African-American male who resides in Washington, D.C. He worked for Hillside for approximately two years prior to his termination in December 2009. Hillside is a non-profit entity comprised of various agencies that provide education, counseling, psychological, and residential services, among others, to children and families in New York State and Prince George's County, Maryland. During his employment with Hillside, Cole worked for the Hillside Work Scholarship Connection ("HWSC"), a youth development program that aims to "help[] at-risk youth stay in school and graduate from high school with the skills and confidence necessary to enter college or the workforce." *See* Hillside Work Scholarship Connection (HWSC), http://www.hillside.com/ServicesDetail.aspx?id=830 (last visited June 3, 2011). Defendants Dennis Richardson, Clyde Comstock, Karene Brodie, and Sarah Amering are officers and employees of Hillside. Brodie and Amering served as Cole's first- and second-level supervisors, respectively.

Brodie, an African-American woman, became Cole's supervisor in September 2009. On September 25, 2009, a day on which Cole had called in sick, Brodie summoned Cole to work because she "wanted to see with [her] own eyes if [he was in fact] sick." Fearing for his job, and despite being ill, Cole drove to work. Shortly after he arrived, however, Cole's "health failed and . . . Brodie had to call 911." Cole was taken to the hospital by ambulance. When he returned to work five days later, he "was given a verbal warning for job performance."

Between September 25, 2009 and October 28, 2009, Hillside declined to select Cole for a position for which he had applied and also denied him a promotion. The stated reason for the decision not to promote him was that he "had been written up for allegedly being late to a

---

inferences are drawn in Cole's favor. *See, e.g.*, *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 253 (4th Cir. 2009).

meeting." Despite these decisions by Hillside, Amering notified Cole on October 20, 2009 that he would receive a performance-based pay increase beginning on October 29, 2009.

During his time under Brodie's supervision, Hillside, through its employees and officers: (1) forced Cole to stay after work without pay; (2) forced him to redo assignments that were of high quality and which he had submitted on time; (3) informed him that he had been "written up," even though he was never given copies of the alleged "write-ups"; (4) denied him the opportunity to attend training seminars; (5) denied him access to other resources that might have improved his allegedly poor performance; (6) stripped him of important job duties; (7) gave him improper office space that left him isolated from his co-workers; (8) excluded him from important meetings and training events; and (9) denied him requests for leave and other accommodations. Hillside subjected Cole to these adverse events without subjecting other "similarly situated" employees to the same, and in so doing failed to adhere to policies and procedures outlined in Hillside's employee handbook. Cole "believes" that these actions were motivated by race and gender discrimination. He also maintains that Hillside failed to provide reasonable accommodation for his unspecified "disabilities," and that the company's actions caused him physical pain, major depression, and—ultimately— "incapacity."

Sometime in December 2009, Hillside terminated Cole. On or about December 19, 2009, Cole filed an internal complaint of discrimination with Hillside's human resources department. Later that month, he filed a complaint of discrimination with the Prince George's County Human Relations Commission ("HRC"). Some eight months later, on or about August 27, 2010, the Equal Employment Opportunity Commission ("EEOC") provided him with a "Notice of Right to Sue." Then, on November 24, 2010, Cole filed the instant lawsuit, alleging that Hillside, through

its employees, discriminated against him on the basis of his gender, race, and unspecified

disability.[2]

## II.

Federal Rule of Civil Procedure 8(a) prescribes a "liberal pleading standard," *see*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007), one which requires only that a plaintiff submit a

"short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P.

8(a). A plaintiff may not, however, rely on naked assertions, speculation, or mere legal

conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). When a defendant

moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must evaluate

the complaint's sufficiency, viewing all well-pleaded factual allegations as true and construing

them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th

Cir. 1997). To survive such a motion, the plaintiff must present enough factual content to render

his claim "plausible on its face," i.e., to enable the court to "draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009).

A plaintiff proceeding *pro se* is entitled to a "less stringent standard" than is a lawyer,

and the court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson*,

551 U.S. at 94; *see also Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010)

(observing that liberal construction of a complaint is particularly appropriate where a *pro se*

plaintiff alleges civil rights violations). Nevertheless, even a *pro se* complaint must meet a

---

[2] Because Cole's Complaint does not state the precise date on which he was terminated, it is difficult to determine from the Complaint alone whether he filed his internal complaint of discrimination before or after his firing. However, in the Charge of Discrimination he filed with the HRC, which Defendants have attached to their Motion to Dismiss as an exhibit, Cole appears to claim that he was terminated on December 23, 2009—four days after he filed his internal complaint. The timing of these events is, of course, relevant to the viability of Cole's retaliation claim.

minimum threshold of plausibility. *See, e.g.*, *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

**III.**

In their Motion to Dismiss, Defendants (collectively, "Hillside") argue that all of Cole's claims should be dismissed, with prejudice, for failure to state a claim upon which relief can be granted. Cole opposes the Motion. For the following reasons, the Court will grant the Motion to Dismiss, but will also grant Cole leave to file an amended complaint properly setting out a single claim of retaliation under Title VII.

**A.**

Hillside argues that Count I of Cole's Complaint, which alleges race discrimination in violation of Title VII, must be dismissed because Cole failed to exhaust administrative remedies before filing suit. The Court agrees.

Before a plaintiff may file a lawsuit alleging employment discrimination in violation of Title VII, he must first exhaust available administrative remedies by filing a timely charge with the EEOC or its state equivalent. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). This is so because courts possess jurisdiction over only those claims "like or related to allegations contained in the charge and growing out of such allegations." *Id.* (citations omitted). Thus, "factual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). "[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

In the present case, the documents attached to Hillside's Motion—namely, the Charge of Discrimination that Cole filed with the HRC and the resulting EEOC Notice of Charge of Discrimination[3]—demonstrate that Cole's administrative charge alleged only discrimination on the bases of sex and retaliation, and *not* discrimination on the basis of race. This is evident in two different ways. First, when Cole completed his HRC Charge of Discrimination form, he checked boxes indicating discrimination on the basis of "sex" and "retaliation," and left blank a box indicating discrimination on the basis of "race." Second, on the same document, Cole described the particulars of the alleged discrimination as follows, with no mention whatsoever of discrimination on the basis of race: "I believe the Respondent discriminated against me on the bases of my sex (male) and retaliation in the terms, conditions, privileges, and involuntary discharge of my employment." The EEOC Notice of Charge of Discrimination is similarly devoid of any mention of alleged race discrimination.

Because Cole's administrative charge alleged discrimination on the bases of sex and retaliation alone, and given that there is no indication that the HRC in any way expanded its investigation to include allegations of race discrimination,[4] Cole's Title VII race discrimination claim is barred for failure to exhaust administrative remedies. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002) (noting that a Title VII claim that "exceeds the limits set by

---

[3] When a court considers a motion to dismiss an employment discrimination claim, it may consider documents not attached to the Complaint without converting the motion to dismiss into a motion for summary judgment, provided the documents are either: (1) a matter of public record; or (2) integral to the Complaint and authentic. *See Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, where Cole relies on the documents at issue in order to satisfy time limit requirements, the documents are integral to the Complaint and thus within the permissible bounds of the Court's consideration. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiffs' relevant filings with the EEOC . . . , none of which were attached to the complaint, because the [plaintiffs] rely on these documents to satisfy the . . . time limit requirements.").

[4] Also attached to Hillside's papers is the HRC's final determination of the merits of Cole's charge. That document, which describes the HRC's investigation in some detail, contains no mention of allegations of race discrimination.

the allegations of [the plaintiff's] administrative complaint" must fail). Accordingly, the Court

will dismiss Count I of Cole's Complaint with prejudice.

**B.**

Hillside next argues that Count II of Cole's Complaint, which alleges gender

discrimination in violation of Title VII, must be dismissed because Cole has failed to allege facts

sufficient to state a claim of gender discrimination. The Court finds Hillside's arguments on this

point persuasive.

Absent direct evidence, the elements of a *prima facie* case of discrimination under Title

VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse

employment action; and (4) treatment different from similarly-situated employees outside the

protected class. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Merely

parroting these elements, however, or attempting to satisfy them with nothing more than

conclusory allegations, is insufficient to survive a motion to dismiss. *See id.* at 190-91. Indeed, a

plaintiff bringing a Title VII claim of discrimination must present factual allegations sufficient to

"raise a right to relief above the speculative level." *Id.* at. 190 (quoting *Twombly*, 550 U.S. at

555).

Here, Cole's Complaint makes conclusory allegations that are far from sufficient to raise

his claim of gender discrimination "above the speculative level." Although Cole's allegations are

likely sufficient to satisfy, at least at this stage of the litigation, elements (1) through (3) of a

*prima facie* case of discrimination,[5] he offers virtually no factual allegations in support of

element (4)—namely, treatment different from similarly-situated employees outside the

---

[5] Cole's Complaint alleges: that he is male (i.e., that he is a member of a protected class); that he had earned a performance-based pay increase and had submitted assignments of "top quality" (i.e., that he had performed satisfactorily); and that Hillside treated him poorly and ultimately terminated him (i.e., that Hillside subjected him to adverse employment action).

protected class. At various points throughout his Complaint, Cole asserts: that he "believes" Hillside's decision not to promote him was "pretext for gender discrimination"; that he "believes" Hillside's decision not to select him for an open position "was made based on gender and racial discrimination"; that Hillside denied him opportunities that "similarly-situated employees had been offered"; that his superiors "did not treat similarly-situated employees in a similar manner"; and that his superiors "did not subject other employees to [certain adverse] treatment." However, mere conclusory statements such as these are, without more, woefully insufficient to raise even the plausibility of Cole's entitlement to relief. *See Coleman*, 626 F.3d at 190-91 (noting that mere assertions of different treatment, without additional factual allegations in support thereof, cannot sustain a claim of discrimination under Title VII); *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Absent some allegation of additional facts that might render his claim of different treatment at least plausible—as opposed to merely *possible*—the Court is constrained to conclude that Cole has failed to state a claim of gender discrimination upon which relief can be granted, and that Count II of his Complaint must therefore be dismissed with prejudice.[6]

## C.

Hillside argues that Count III of the Complaint, which alleges retaliation in violation of Title VII, must also be dismissed for failure to state a claim. While the Court agrees with Hillside that Cole's Complaint, as written, does not properly allege a claim of retaliation, it finds that another document in the record—specifically, the Charge of Discrimination Cole filed with the

---

[6] Had the Court not already concluded that Cole's Title VII claim of race discrimination is barred for failure to exhaust administrative remedies, its conclusions as to gender discrimination would apply with equal force to the race-based claim.

HRC—suggests that Cole may in fact be able to allege such a claim. Accordingly, the Court will dismiss Count III of the Complaint, but will grant Cole leave to file an amended complaint properly setting out a Title VII retaliation claim.

The elements of a *prima facie* case of retaliation under Title VII are: (1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action. *Coleman*, 626 F.3d at 190. With respect to the third element, little is required. Indeed, a plaintiff normally may allege a causal link merely by asserting that the protected activity and the alleged adverse employment action were close in time. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 443 (4th Cir. 1998) ("[W]e have held that merely the closeness in time between the filing of a discrimination charge and an employer's firing an employee is sufficient to make a *prima facie* case of causality.").

Hillside essentially concedes that Cole's allegations satisfy the first and second elements of the *prima facie* case of retaliation. It argues, however, that Cole has not properly alleged the third element—the causal link between the protected activity and the adverse action—because his Complaint suggests that he actually filed his internal complaint of discrimination *after* Hillside terminated him. It is true that Cole's Complaint states that "*upon termination* Mr. Cole timely filed a formal administrative complaint asserting discrimination [with] the Hillside Human Resources Department" (emphasis added). It is also true, of course, that a plaintiff cannot plausibly allege a causal link between protected activity and an adverse employment action when he alleges that he did not engage in the protected activity (e.g., filing an internal complaint) until *after* all of the alleged adverse employment actions (e.g., unpaid work hours, denial of opportunities, termination, etc.) had already occurred.

All that said, the Court notes that, in the Charge of Discrimination that Cole filed with the HRC, he stated that he filed his internal complaint of discrimination on December 19, 2009, and that Hillside terminated him on December 23, 2009—some four days after he filed his internal grievance. Indeed, the language in the Charge of Discrimination alleges not only this sequence of events, but also plainly alleges a causal link between the protected activity and Cole's firing. Specifically, Cole wrote as follows: "On December 19, 2009, I made a complaint with Human Resources against my Supervisor. On December 23, 2009, my Supervisor terminated my employment in retaliation for filing a complaint with Human Resources."

Although Hillside is correct in noting that the Complaint Cole filed in this Court does not properly allege a causal link between the alleged protected activity and the alleged adverse employment action, the Court concludes that facts alleged elsewhere—i.e., in the HRC Charge of Discrimination—*do* properly allege the required causal link. Accordingly, although the Court will dismiss Count III of Cole's Complaint, it will do so without prejudice to Cole's right to file, within 20 days, an amended complaint properly setting out a Title VII claim of retaliation.

**D.**

According to Hillside, Count IV of the Complaint, alleging disability-based discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, fails to state a claim upon which relief can be granted. The Court agrees with Hillside.

To plead a violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a),[7] Cole must allege: (1) that he has a disability; (2) that he was otherwise qualified for his job; (3) that he was subjected to discrimination solely by reason of his disability; and (4) that Hillside receives

---

[7] Section 504 provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

federal financial assistance. *See Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 826 (D. Md. 1998).

With the possible exception of the second element—that he was otherwise qualified for his job—Cole has failed to allege *any* of the elements of a violation of the Rehabilitation Act. First, Cole, whose Complaint refers only to an unspecified health episode of short duration, has not alleged facts that could plausibly establish that he has, or had, anything other than a temporary illness—as opposed to a legally cognizable disability. *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1315 (11th Cir. 2007) ("A severe limitation that is short-term and temporary is not evidence of a disability."). Second, as noted *supra*, Cole's claims of discrimination—whether based on his gender, race, or unspecified disability—are purely conclusory in nature, and thus fail to allege that any of Hillside's alleged actions were taken solely by reason of his disability or any other protected trait. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Third, and finally, Cole does not allege anywhere in his Complaint that Hillside receives federal financial assistance. *See Lightbourn v. County of El Paso*, 118 F.3d 421, 427 (5th Cir. 1997) ("[T]o state a § 504 claim[,] a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance."). Accordingly, the Court has little difficulty concluding that Count IV of Cole's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**E.**

Hillside next argues that Count V of Cole's Complaint, which alleges that Hillside subjected him to a hostile work environment in violation of various federal statutes, should also be dismissed. Once again, the Court agrees.

In order to plead a claim of a hostile work environment, Cole must properly allege: (1) that Hillside subjected him to unwelcome harassment; (2) that the harassment was based on his gender, race, or disability; (3) that the harassment was sufficiently severe or pervasive as to alter his working conditions and/or create an abusive atmosphere; and (4) that there is some basis for imputing liability to Hillside. *See Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001).

In the present case, Cole's claim of a hostile work environment fails on the second and third elements. First, although Cole alleges that Hillside subjected him to certain unwelcome actions—e.g., forcing him to work without pay, forcing him to redo assignments of "top quality," unjustifiably denying him professional development opportunities, unjustifiably stripping him of job duties, and isolating him from his co-workers, among other things—he alleges no facts that might even suggest that these alleged actions were somehow based on his gender, race, or disability. Indeed, beyond the sort of conclusory statements that the Court found insufficient to support his claim of gender discrimination—e.g., that similarly situated employees were treated differently, or that Cole "believes" Hillside's actions were based on his protected status—Cole does not allege any connection whatsoever between his status and Hillside's alleged harassment. *See Lewis v. District of Columbia*, 653 F. Supp. 2d 64, 80 (D.D.C. 2009) (explaining that, in hostile work environment cases, it is important to "exclude from consideration personnel decisions that lack a linkage of correlation to the claimed ground of discrimination . . . , [lest] the federal courts . . . become a court of personnel appeals."). Moreover, with respect to his unspecified disability, Cole does not even allege facts that would permit the Court to infer that he has a legally cognizable disability to begin with, much less that Hillside subjected him to unwelcome harassment on the basis of some disability. *See Edmonson v. Potter*, 118 F. App'x

726, 730 (4th Cir. 2004) (noting that a plaintiff claiming a hostile work environment on the basis

of a disability must show that he is a "qualified individual with a disability").

Second, even assuming that Cole's hostile work environment claim did not fail on the

second element, the actions by Hillside that Cole alleges are not sufficiently severe and pervasive

to satisfy the third element of a *prima facie* case of a hostile work environment. Indeed, a hostile

work environment is one that is "permeated with discriminatory intimidation, ridicule, and

insult." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The actions by Hillside that Cole

alleges, while perhaps "unwelcome," are far from harsh enough to rise to the level of a truly

"abusive work environment," *see Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66 (1986), and in

fact resemble those that courts routinely refuse to recognize as "severe and pervasive," *see, e.g.*,

*Fleming v. MaxMara USA, Inc.*, 371 F. App'x 115, 119 (2d Cir. 2010) (holding that allegations

that an employer wrongfully excluded its employee from meetings and excessively criticized her

work could not support a hostile work environment claim); *Patton v. Indianapolis Pub. Sch. Bd.*,

276 F.3d 334, 339 (7th Cir. 2002) (holding that allegations that supervisors were "rude, abrupt,

and arrogant" and subjected their employee to "stern and severe criticism" could not support a

hostile work environment claim). Simply put, the behaviors by Hillside that Cole alleges, though

perhaps unprofessional and unkind, are simply not "severe and pervasive" within the meaning of

the law.

For these reasons, the Court concludes that Cole has failed to allege a claim of a hostile

work environment. The Court will therefore dismiss Count V of his Complaint with prejudice.

**F.**

Cole's CSRA claim can be disposed of with little difficulty.[8] Pursuant to statute, the

CSRA, 5 U.S.C. § 7701 *et seq.*, applies only to certain employees of the federal government. *See*

5 U.S.C. §§ 2101-2109 (describing the various government employees, officers, and executives

to whom the CSRA applies). Here, where Cole does not allege—and where it does not otherwise

appear—that he was, during his time at Hillside, a government employee within the meaning of

the CSRA, that statute plainly does not apply. Accordingly, to the extent that Cole has attempted

to assert a claim under the CSRA, it must be dismissed with prejudice.

**G.**

To the extent that Cole asserts a claim of race discrimination under 42 U.S.C. § 1981,[9] it,

too, must be dismissed for failure to state a claim. As Fourth Circuit precedent makes plain, mere

conclusory allegations of race discrimination will not support a claim brought pursuant to §

1981.[10] *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344-47 (4th Cir. 2006) (holding that

conclusory statements alleging a race-motivated firing could not sustain a claim of race

discrimination brought pursuant to § 1981). As noted at various points *supra*, Cole has alleged

no facts that render even plausible his conclusory allegations that unlawful discrimination—

whether based on race, gender, or some unspecified disability—played a motivating rule in

Hillside's alleged actions. Accordingly, to the extent that Cole has attempted to assert a claim

---

[8] Although Cole does not allege a violation of the CSRA in a specific count, the first paragraph of his Complaint indicates that his suit is brought pursuant to the "Civil Service Reform Act."

[9] As with his CSRA claim, Cole does not allege a violation of § 1981 in a specific count, but rather indicates in the first paragraph of his Complaint that his suit is brought pursuant to 42 U.S.C. § 1981.

[10] A § 1981 claimant must allege: (1) that he is a member of a racial minority group; (2) that the defendant intended to discriminate against him on the basis of his race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute, such as the making and enforcement of contracts. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Here, Cole's claim fails on the second element.

under § 1981, it must be dismissed with prejudice alongside his other claims of illegal discrimination.

**H.**

Finally, Hillside argues, and the Court concludes, that the individual Defendants named in this action—namely, Hillside officers and employees Richardson, Comstock, Brodie, and Amering—must be dismissed from the suit. It is well settled that individual defendants are not subject to liability under Title VII. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."). Here, where the only claim that may remain after Cole is given an opportunity to amend his Complaint is a Title VII claim of retaliation, there is no basis upon which liability might be imposed on the individual Defendants—even if Cole is ultimately successful in securing a judgment against Hillside. Accordingly, the Court will dismiss Defendants Richardson, Comstock, Brodie, and Amering from this suit with prejudice.

**IV.**

For the foregoing reasons, Hillside's Motion to Dismiss [Paper No. 7] is **GRANTED**. Count III (retaliation) of the Complaint is **DISMISSED WITHOUT PREJUDICE** to Cole's right to file, within **20 DAYS**, an amended complaint properly setting out a single claim of retaliation under Title VII. All other Counts are **DISMISSED WITH PREJUDICE**. In addition, individual Defendants Richardson, Comstock, Brodie, and Amering are **DISMISSED WITH PREJUDICE** from this lawsuit.

A separate Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 9, 2011**