IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARNOLD COLE | * |
| Plaintiff | * |
| v. | * Civil No.: PJM 10-3326 |
| HILLSIDE FAMILY OF AGENCIES, INC., et al. | * |
| Defendants | * |

## MEMORANDUM OPINION

Arnold Cole has sued his former employer, Hillside Family of Agencies, Inc. ("Hillside"), and several Hillside employees, alleging: race discrimination, gender discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; disability-based discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; violation of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7701 *et seq.*; and race discrimination in violation of 42 U.S.C. § 1981. For the reasons that follow, the Court will **ENTER** a Final Order of Judgment in Defendants' favor and direct the Clerk of the Court to **CLOSE** this case.

### I.

On June 9, 2011, the Court issued an Opinion and Order [Paper Nos. 15 & 16] granting Defendants' Motion to Dismiss [Paper No. 7], with prejudice, as to all but Count III (retaliation) of Cole's Complaint.[1] The Court did so after concluding that the Complaint failed to state a claim upon which relief can be granted. With respect to Count III, the Court granted the Motion

---

[1] The Court's Order also dismissed, with prejudice, all four of the individual Defendants named in Cole's suit.

to Dismiss, but did so without prejudice to Cole's right to file, within 20 days, an amended complaint properly alleging his entitlement to relief on that count.

In Count III of the Complaint, Cole alleged that Defendants retaliated against him for filing an internal complaint of discrimination with Hillside's human resources department. Problematic for Cole, however, was the fact that his allegation, as written, appeared to suggest that he did not file his internal complaint of discrimination until *after* Hillside had terminated him.[2] Because Cole's termination was, sequentially, the last materially adverse employment action alleged in the Complaint, the Court concluded that Cole's allegation, even if true, did not establish the requisite causal link between protected activity and alleged adverse employment action. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (noting that a *prima facie* case of unlawful retaliation includes, among other elements, "a causal link between the protected activity and the employment action"). This was so, the Court held, because a plaintiff cannot plausibly establish a causal link between protected activity and an adverse employment action when he alleges that he did not engage in the protected activity (e.g., filing an internal complaint) until *after* all of the alleged adverse employment actions (e.g., unpaid work hours, denial of opportunities, termination, etc.) had already occurred.

The Court noted, however, that another document in the record—one which Defendants had attached to their Motion to Dismiss—suggested that Cole may have actually filed his internal complaint of discrimination four days *before* Hillside terminated him. Given this, the Court concluded that, although Count III should be dismissed for failure to state a claim, it would be proper—especially in light of Cole's status as a *pro se* litigant—to give him a limited

---

[2] Specifically, Cole's Complaint stated: "On or about December 19, 2009, *upon termination* Mr. Cole timely filed a formal administrative complaint asserting discrimination to the Hillside Human Resources Department" (emphasis added).

opportunity to file, *within 20 days*, an amended complaint properly setting out a Title VII claim of retaliation.

**II.**

The Court issued its Order giving Cole 20 days to amend his complaint on June 9, 2011. The deadline for the filing of an amended complaint passed on June 29, 2011. Now, some 50 days after the Court gave Cole 20 days to amend, he has not filed an amended complaint, nor has he asked for an extension of the Court's deadline or otherwise indicated that he plans to accept the Court's offer to revive his dismissed retaliation claim. The Court must therefore conclude that Cole has reached a decision not to pursue this litigation any further.

Accordingly, Count III (retaliation) of the Complaint is now **DISMISSED WITH PREJUDICE**. Final Judgment shall be **ENTERED** in favor of Defendants and against Cole, and the Clerk of the Court is **DIRECTED** to close this case.

A separate Order will **ISSUE**.

                                                                   **/s/**
                                        **PETER J. MESSITTE**
                        **UNITED STATES DISTRICT JUDGE**

**July 28, 2011**